```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EX.CO TEHNOLOGIES LTD.,

               Petitioner,

-against-

EMPRIRE MEDIA GROUP INC.,

               Respondent.

1:22-cv-06383 (MKV)

**OPINION AND ORDER
GRANTING MOTION TO
COMPEL ARBITRATION
AND STAYING ACTION**

MARY KAY VYSKOCIL, United States District Judge:

EX.CO Technologies Ltd. ("EX.CO") petitions this Court to compel Respondent Empire Media Group Inc. ("Empire") to arbitrate its breach of contract claim and to appoint an arbitrator pursuant to Sections 4 and 5 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 4, 5. For the following reasons, the petition is GRANTED.

## **BACKGROUND**[1]

The Parties are in agreement that in November 2021, EX.CO entered an agreement with Empire (the "Agreement"), pursuant to which EX.CO would provide video stream with advertisements to two websites controlled by Empire and, in return, Empire agreed that its two websites would use exclusively the EX.CO video stream for a twelve-month period. Pet. ¶¶ 5–7; Answer ¶¶ 5–7. The revenue earned was to be split between the parties on a percentage basis depending on the source of the advertising. Pet. ¶ 8; Answer ¶ 8. EX.CO made a $300,000 pre-payment to Empire to cover the first three months of Empire's share of expected advertising

---

[1] The Court draws these facts from the Petition [ECF No. 1] ("Pet."), the Answer to the Petition [ECF No. 12 at 1–4] ("Answer"), the Counterstatement of Factual Background [ECF No. 12 at 5–8] ("Counterstatement"), and the papers submitted by the parties in support of and in opposition to Petitioner's motion to compel arbitration. *See* Declaration of Miri Mileikowsky in Support [ECF No. 18] ("Mileikowsky Decl."); Memorandum of Law in Support [ECF No. 19] ("Pet. Br."); Memorandum of Law in Opposition [ECF No. 20] ("Opp."); Reply Memorandum of Law [ECF No. 21] ("Reply."). The facts are undisputed unless otherwise noted.

1

revenue and, as a result, EX.CO was to retain all advertising revenue until it recuperated that initial pre-payment.  Pet. ¶ 9; Answer ¶ 9.

In February 2022, the Parties amended the Agreement to extend its term to a period of twenty-four months.  Pet. ¶¶ 14–15; Answer ¶¶ 14–15.  Pursuant to this amendment, EX.CO provided Empire an additional pre-payment of $800,000 to cover the first eight months of Empire's share of expected advertising revenue.  Pet. ¶ 15; Pet. ¶ 15.  According to EX.CO, Empire removed EX.CO's video player from its websites shortly after these funds were transferred, eventually replacing it with a third-party video player.  Pet. ¶¶ 17–22.  EX.CO claims that Empire refused to return the outstanding balance of the pre-payments made by EX.CO, totaling $860,000.  Pet. ¶ 23.

On June 14, 2022, EX.CO advised Empire of its view that the retention of pre-paid funds amounted to a breach of contract.  Pet. ¶ 28; Answer ¶ 28.  In so doing, EX.CO told Empire that if the dispute could not be resolved, EX.CO would submit the matter to arbitration in accordance with Section 18(b) of the Terms of Service, which was incorporated into the Agreement.  Pet. ¶ 28; Answer ¶ 28.  That provision states as follows:

> For any dispute, claim or controversy arising out of or in relation to these Channels Terms or to the breach, termination, enforcement, interpretation or validity thereof, or to your access or use of the Channels Platform (together "Dispute"), you agree to first contact us and attempt to resolve the Dispute with us informally.  If EX.CO has not been able to resolve the Dispute with you informally, you and we agree to resolve any Dispute by binding individual arbitration. . . .  The arbitration shall be conducted in New York County, New York.

Pet. ¶ 12 (emphasis omitted); Answer ¶ 12.  The Agreement does not specify an arbitrator or an arbitration tribunal.  Pet. ¶ 28; Answer ¶ 28.

The Parties were unable to resolve their dispute regarding the outstanding balance of the pre-payments, and Empire refused to agree to an arbitrator or to a process for selecting an

2

arbitrator.  Pet. ¶ 29; Answer ¶ 29.  As a result, EX.CO filed a petition to compel arbitration on the breach of contract claim and to appoint an arbitrator pursuant to Sections 4 and 5 of the FAA.

Empire has responded to the Petition.  [ECF No. 12].  In its response, Empire contends that EX.CO has failed to comply with a condition precedent to the arbitration in the Terms of Service that EX.CO first contact Empire and attempt to resolve the dispute.  Answer ¶ 36; Counterstatement ¶ 19.  Empire contends that EX.CO has failed to make a good faith effort (or any effort) to resolve the dispute and therefore the petition to compel should be denied.  Counterstatement ¶ 20.

EX.CO has now moved to compel arbitration [ECF No. 17] and filed a Memorandum of Law [ECF No. 19] and Declaration of Miri Mileikowsky in Support [ECF No. 18].  Empire opposed that motion, largely reiterating (and indeed incorporating) arguments in its Answer to the Petition.  [ECF No. 20].  EX.CO filed a timely reply.  [ECF No. 21].

## LEGAL STANDARD

Pursuant to Section 2 of the FAA, "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of [the] contract . . . shall be valid, irrevocable, and enforceable."  The Supreme Court has repeatedly explained that the FAA "embod[ies] [a] national policy favoring arbitration."  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011) (second alteration in original) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)).  "[T]his policy is founded on a desire to preserve the parties' ability to agree to arbitrate, rather than litigate, disputes."  *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012).  However, the FAA "does not require parties to arbitrate when they have not agreed to do so."  *Id.* (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).

When deciding motions to compel arbitration, courts may "apply a standard similar to that applicable for a motion for summary judgment." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (internal quotation marks omitted).  On a motion to compel arbitration, courts therefore consider "all relevant, admissible evidence submitted by the parties and . . . draw all reasonable inferences in favor of the non-moving party." *Id.* (internal quotation marks omitted). "Where the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [courts] may rule on the basis of that legal issue and avoid the need for further court proceedings." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017).

## DISCUSSION

### I. ARBITRABILITY

There is no dispute in this case that the Parties have entered into a valid agreement which incorporates an arbitration clause.  Nor is there a dispute that the breach of contract claim which EX.CO seeks to bring falls under the terms of the arbitration clause.  The Parties dispute only whether they have satisfied a condition contained in that clause that before submitting a dispute to arbitration, the Parties must first attempt "to resolve the Dispute . . . informally." Pet. ¶ 12. EX.CO claims that such an attempt has been made; Empire disagrees.

This disagreement is not for the Court to resolve.  As EX.CO explained in its briefing, Courts have consistently held that a dispute of whether a condition precedent has been met is a procedural question for arbitrators, not the court. *See BG Grp., PLC v. Republic of Argentina*, 572 U.S. 25, 34 (2014) ("[C]ourts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration."); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002) ("[W]hether

4

prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.").

Empire does not dispute this point of law. Nor does Empire dispute that this point applies with full force to a precondition that the Parties attempt to informally resolve the dispute. *See, e.g., Gordon v. Wilson Elser Moskowitz Edelman & Dicker LLP*, No. 22-cv-5212, 2023 WL 2138693, at *8 (S.D.N.Y. Feb. 21, 2023) ("[T]he informal negotiation and mediation provisions of the [agreement] neither create ambiguity about the delegation of questions of arbitrability to the arbitrator nor create questions to be resolved by the Court prior to compelling arbitration. Rather, any argument that the preconditions to arbitration have not been met must be resolved by the arbitrator."). Empire argues only that the relevant precondition here has not been satisfied. But because that is a question for the arbitrator, and not the Court, the motion to compel arbitration is granted.

## II.   SELECTING AN ARBITRATOR

Section 5 of the FAA states that if an arbitration agreement provides "for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein . . . then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire." Here, the relevant arbitration provision does not provide for an arbitrator or a method for selecting the arbitrator, Pet. ¶ 28; Answer ¶ 28, but provides only that the arbitration will be conducted in New York County, New York. Pet. ¶ 12; Answer ¶ 12. As a result, EX.CO has petitioned this Court to appoint an arbitrator, requesting specifically that the Court order that the arbitration proceed before JAMS in New York County. Pet. ¶ 28, Prayer for Relief; ECF No. 19 at 6.

Empire has not opposed or otherwise responded to this request by Plaintiff. The Court thus presumes that the issue of selecting an arbitrator is undisputed and, as a result, will order that the

arbitration proceed pursuant to the application made by EX.CO. *Cf. Jones v. Cuomo*, 542 F. Supp. 3d 207, 216 n.2 (S.D.N.Y. 2021) ("Plaintiff's briefing fails to respond to Defendants' arguments in favor of the dismissal of his vagueness and money damages claims, and the Court will thus consider those claims conceded."); *In re UBS AG Secs. Litig.*, No. 07-cv-11225, 2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012) (recognizing that a party "concedes through silence" arguments made by its opponent that it fails to address).

### III. STAYING THE CASE

The only remaining question is whether the action should be stayed or dismissed pending arbitration. The FAA requires a district court, "on application of one of the parties," to stay an action after determining that "any issue" in the action is "referable to arbitration." 9 U.S.C. § 3. In *Katz v. Cellco Partnership*, 794 F.3d 341 (2d Cir. 2015), the Second Circuit explained that "the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested." *Id.* at 347. But *Katz* did not speak to the issue of whether a stay is mandatory under the FAA where, as here, no stay has been requested.[2] Even if a stay is not mandatory, however, the Court nonetheless finds it appropriate to stay all proceedings in this action pending arbitration. The Court heeds the guidance from the Second Circuit that "courts should stay litigation pending arbitration to avoid converting an otherwise unappealable interlocutory stay order into an appealable final dismissal order, thus enabling parties to proceed to arbitration directly." *Dylan 140 LLC v. Figueroa*, 982 F.3d 851, 859 n.2 (2d Cir. 2020) (internal quotation marks omitted) (alterations adopted).

---

[2] This issue has repeatedly arisen and yet remains unresolved. *Compare Bissonnette v. LePage Bakers Park St., LLC*, 49 F.4th 655, 664 (2d Cir. 2022) (Jacobs, J., concurring) ("[T]he FAA mandates a stay whether or not a party requests one."), *with id.* at 674 (Pooler, J., dissenting) ("[W]here a party does not request a stay . . . a district court retains authority to dismiss the action.").

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion filed by EX.CO and ORDERS Empire to participate in arbitration before JAMS in New York County, New York. This action is hereby STAYED pending arbitration. The Parties are directed to file a letter updating the Court on the outcome of the arbitration within three days of it being completed. The Clerk of Court respectfully is requested to close the motion at ECF No. 17.

**SO ORDERED.**

Date:   **August 8, 2023**
       **New York, NY**

*Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**